# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE:

**ERVIN ODELL SPURLIN and
PATRICIA LOUISE SPURLIN,
d/b/a Fashion Crossroads,**

      **Debtors.**                                                                                    **No. 7-90-03958-ML**

_____

**ERVIN ODELL SPURLIN and
PATRICIA LOUISE SPURLIN,**

      **Appellants,**

vs.                                                                                        **No. 98cv0839 MV/JHG
                                                                                                   Adv. Pro. No. 98-1083-M**

**BERNARD JACOB,**

      **Appellee.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court upon Appellants' (Spurlin's) Notice of Appeal, filed July 10, 1998. Spurlin appeals the Bankruptcy Court's Order Denying Application for Preliminary Injunctions and Dismissing Complaint, filed July 1, 1998. Having reviewed the submissions of the parties and the relevant law, this Court exercises jurisdiction pursuant to 28 U.S.C. § 158, and recommends the Bankruptcy Court be AFFIRMED.

**I. Facts and Procedural Background**

On August 1, 1989, Spurlin, d/b/a Video One, entered into a written commercial real estate lease agreement with Appellee (Jacob). The lease covered commercial property in Alamogordo, New

Mexico. The lease was for a term of ten years beginning August 1, 1989, and ending July 31, 1998. Spurlin took possession of the leasehold premises and began operating a video rental store. In 1989, Spurlin incorporated S&S Investments, Inc., (S&S) in New Mexico. S&S was incorporated for the purpose of conducting the business of video rentals.

On March 1, 1990, Spurlin assigned his interest in the lease to S&S. The lease had no restrictions regarding assignment. Paragraph Five of the lease stated "Lessee may assign this lease or sublet any portion of the premises without written consent of the Lessor." Spurlin did not obtain Jacob's consent when he assigned his interest to S&S.

On August 17, 1990, Spurlin executed a promissory note in favor of Jacob in the original principal amount of $15,000. The note was the result of excess costs Spurlin had incurred in remodeling the leasehold premises. On December 5, 1990, Spurlin and Jacob agreed to an addendum to the original lease that included a provision for monthly lease payments to be increased to amortize the promissory note.

On December 12, 1990, Spurlin filed a Chapter 11 bankruptcy petition. On May 7, 1991, the case was converted to Chapter 7. Spurlin did not schedule Jacob as a creditor, nor did he schedule the lease or the promissory note obligation. Notice of the bankruptcy was never sent to Jacob. On February 5, 1992, Spurlin received a discharge.

While Spurlin was in bankruptcy, S&S operated the video store and all lease payments were current. After the discharge, S&S defaulted on the lease by failing to make monthly payments and the required reimbursements for taxes and insurance. Jacob terminated the lease and S&S vacated the premises

On November 22, 1995, Jacob filed suit against Spurlin in state court to collect the amounts

due under the lease in the case styled *Bernard Jacob v. Odell Spurlin*, Twelfth Judicial District, County of Otero, State of New Mexico, and numbered CV-95-419.

On February 6, 1996, Spurlin brought his first adversary proceeding against Jacob in the underlying bankruptcy case styled *In re Ervin Odell Spurlin and Patricia Louise Spurlin d/b/a Fashion Crossroads,* United States Bankruptcy Court for the District of New Mexico, and numbered 7-90-03958-ML. The first adversary Complaint styled *Ervin Odell Spurlin and Patricia Louise Spurlin v. Bernard Jacob,* United States Bankruptcy Court for the District of New Mexico, and numbered 96-1032-M (96-1032-M). On September 27, 1996, the Bankruptcy Court entered a Judgment holding that any pre-petition liability, debt or obligation of Spurlin was discharged and that Jacob's claims were post-petition claims regarding a promissory note and lease. The Bankruptcy Court found the issues involving the alleged post-petition indebtedness should be tried in the state court action styled *Bernard Jacob v. Odell Spurlin*, Twelfth Judicial District, County of Otero, State of New Mexico, and numbered CV-95-419 (state case). Spurlin did not appeal the decision of the Bankruptcy Court which dismissed 96-1032-M.

The state case proceeded to a bench trial. On February 5, 1998, the state court issued Findings of Fact and Conclusions of Law and entered judgment in favor of Jacob and against Spurlin. Spurlin appealed to the New Mexico Court of Appeals. Spurlin's state appeal is currently pending.

On April 27, 1998, Spurlin filed a second adversary Complaint for Enforcement of Discharge Injunction, Injunctive Relief, Damages and Attorney Fees styled *Ervin Odell Spurlin and Patricia Louise Spurlin v. Bernard Jacob,* and numbered 98-1083-M (98-1083-M). The instant appeal arises from 98-1083-M.

On June 18, 1998, the Bankruptcy Court held a hearing on Spurlin's request for a preliminary

injunction in 98-1083-M. On July 1, 1998, the Bankruptcy Court entered an Order Denying Application for Preliminary Injunction and Dismissing Complaint in which it determined the state court had concurrent jurisdiction to determine the pre- or post-petition nature of the debt at issue. Thus, the Bankruptcy Court reasoned it did not have authority to enter an injunction against Jacob or the state court. The Bankruptcy Court observed the appropriate avenue for appeal was to the state appellate courts. Finding Spurlin sought no further substantive relief, the Bankruptcy Court dismissed 98-1083-M. It is from this order that Spurlin appeals.

## II. Standard of Review

When reviewing a decision of the Bankruptcy Court, this Court functions as an appellate court and is authorized to affirm, reverse or modify the Bankruptcy Court's ruling or remand the case for further proceedings. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir. 1988). This Court reviews legal determinations on a *de novo* basis and factual findings under a clearly erroneous standard. *In re Hedged Investments Associates, Inc.*, 48 F.3d 470, 472 (10th Cir. 1995).

## III. Discussion

Spurlin argues the Bankruptcy Court had a mandatory obligation to enforce the bankruptcy discharge injunction and protect the rehabilitation of the debtor.

The primary question is whether this case is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Although this issue was not raised by either party, the Court is obliged to address it *sua sponte* as it touches on subject matter jurisdiction. *State Farm Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270 (10th Cir. 1998)(federal court must *sua sponte* verify its power to adjudicate every case at every

stage).

The *Rooker-Feldman* doctrine bars a party losing in state court from seeking what in essence would be appellate review of the state judgment in a United States District Court. *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998)(citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994)). A federal district court cannot generally review matters actually decided by a state court. *Rooker*, 263 U.S. at 415, 44 S.Ct. 149. A federal district court is also unable to issue any declaratory relief that is inextricably intertwined with the state court judgment. *Feldman*, 460 U.S. at 483-84 n.16, 103 S.Ct. 1303. Under *Rooker-Feldman*, lower federal courts lack jurisdiction to engage in appellate review of state court determinations. *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996).

While the federal district courts have original and exclusive subject matter jurisdiction over all bankruptcy cases, 28 U.S.C. § 1334(a), the federal district courts' subject matter is not exclusive with respect to civil proceedings arising under, arising in, or related to bankruptcy cases. 28 U.S.C. § 1334(b). Thus, state courts have concurrent subject matter jurisdiction over civil proceedings arising under, arising in, and related to bankruptcy cases. *In re Beardslee (Beardslee v. Beardslee)*, 209 B.R. 1004 (Bankr. Kan. 1997).

In this case, the Bankruptcy Court determined the state court had concurrent subject matter jurisdiction to determine the pre-petition or post-petition nature of the debt at issue and cited to *In re Whitten* 192 B.R. 10, 14-15 (Bankr. D. Mass. 1996). Spurlin concedes that concurrent jurisdiction clearly exists on the issue of whether the debt was pre-petition or post-petition. Spurlin's Brief-in-Chief at 8. The state court found all amounts claimed by Jacob from Spurlin are post-petition and post- discharge. Plaintiff's Proposed Findings of Fact and Conclusions of Law (adopted by the state

5

court) at 6 and Memorandum Opinion with Court's Additional Findings and Conclusions at 4. Spurlin herein seeks to set aside the state court's decision. Under these circumstances, the *Rooker-Feldman* doctrine bars federal review of the state court's decision.

Moreover, review of this appeal is barred by the law of the case. The law of the case is a judicial doctrine designed to promote decisional finality. Once a court decides an issue, the doctrine comes into play to prevent the re-litigation of that issue in subsequent proceedings in the same case. *In re Meridian Reserve, Inc.*, 87 F.3d 406, 409 (10th Cir. 1996). In the first adversary proceeding, the Bankruptcy Court explicitly determined Jacob's claims are post-petition claims regarding a promissory note and lease and issues involving the alleged post-petition indebtedness should be tried in the state case. Spurlin did not appeal this determination. Thus, re-litigation of the question of whether Jacob's claims were post-petition and the issue of whether the claims should be tried in the state court action are barred by the doctrine of law of the case.

In any event, Spurlin's arguments fail on their merits. While bankruptcy courts have exclusive jurisdiction over several exceptions to discharge that arise under 11 U.S.C. § 523(a)(2), (4), (6), and (15), state courts share concurrent jurisdiction for all the other exceptions to discharge enumerated under § 523. *In re Crawford*, 183 B.R. 103 (Bankr. W.D. VA. 1995). The nature of the debt in this case does not fall under the rubric of the exclusive jurisdiction statutes. 11 U.S.C. § 523(a)(2), (4), (6), and (15). The state court clearly had concurrent jurisdiction to determine whether the debt was dischargeable. *In re Whitten*, 192 B.R. at 14-15; *In re Ford*, 188 B.R. 523, 525-526 (Bankr. E.D. Pa. 1995). Thus the bankruptcy court's determination that the state court had concurrent jurisdiction to decide whether the debt was subject to discharge was correct. Under these circumstances, the bankruptcy court's discretionary denial of Spurlin's request for preliminary injunctions was entirely

proper.

The *Rooker-Feldman* doctrine barred federal review of the state court decision. The doctrine of law of the case barred re-litigation of the question of whether Jacob's claims were post-petition and the issue of whether the claims should be tried in the state court action. Moreover, the bankruptcy court did not err in determining the state court had concurrent jurisdiction to determine the pre- or post-petition nature of the debt at issue and in declining to issue an injunction against Jacob or the state court.

## RECOMMENDED DISPOSITION

The Bankruptcy Court's Order Denying Application for Preliminary Injunction and Dismissing Complaint of July 1, 1998, should be affirmed.

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.